UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JONATHAN JENNINGS WALKER,<br><br>       Plaintiff,<br><br> v.<br><br>MICROSOFT CORPORATION, *et al*.,<br><br>       Defendants. | Case No. C22-482-TL-MLP<br><br>ORDER DECLINING TO SERVE AMENDED COMPLAINT AND GRANTING LEAVE TO FILE A SECOND AMENDED COMPLAINT |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Jonathan Jennings Walker is currently confined in the State of Arkansas where he is serving a 450-year prison term imposed following his conviction on charges which apparently involve the possession of materials depicting child sexual abuse. (*See* dkt. # 9-2 (Am. Compl.) at 9-12.) Plaintiff has submitted to the Court for filing what purports to be a class action complaint brought under 42 U.S.C. §§ 1983, 1985.[1] (*See id*. at 1.) Plaintiff alleges therein that

---

[1] Plaintiff submitted an application to proceed *in forma pauperis* ("IFP") and a proposed complaint to the Court for filing on April 11, 2022. (*See* dkt. # 1.) Because of a deficiency involving Plaintiff's IFP application, and delays in notifying Plaintiff of this deficiency because of Plaintiff's failure to timely update his address, Plaintiff's original proposed complaint was never substantively reviewed by the Court. Plaintiff submitted a proposed amended complaint to the Court with his corrected IFP application

ORDER DECLINING TO SERVE AMENDED
COMPLAINT AND GRANTING LEAVE TO
FILE A SECOND AMENDED COMPLAINT - 1

the Microsoft Corporation's PhotoDNA system searches private data sent electronically through internet service providers ("ISP"), electronic service providers ("ESP"), electronic communication services ("ECS"), or wireless communication service providers ("WSP"), without a warrant or any probable cause, and creates CyberTip Reports that are used to investigate, arrest, prosecute, and incarcerate individuals. (*See id*. at 9-12.) Plaintiff alleges that use of the PhotoDNA system violates provisions of both federal and state law. (*See id*. at 21-36.) Plaintiff identifies the Microsoft Corporation and its PhotoDNA system as Defendants in this action. (*Id*. at 1, 3-4.) Plaintiff seeks declaratory and injunctive relief, and damages. (*Id*. at 37-38.)

The Court has now screened Plaintiff's complaint in accordance with 28 U.S.C. § 1915A(a) and concludes that Plaintiff has not adequately stated any cognizable claim for relief in his pleading. Though it is not clear whether Plaintiff will be able to adequately state any claim for relief if given an opportunity to amend his pleading, the Court nonetheless deems it appropriate to grant Plaintiff leave to file a second amended complaint correcting, to the extent possible, the deficiencies identified below.

## II.  BACKGROUND

At the heart of this civil rights action is the PhotoDNA system developed by the Microsoft Corporation, a private company headquartered in Redmond, Washington. (Am. Compl. at 4-5.) As Plaintiff describes it, the PhotoDNA system automatically scans the private digital data of individuals as the data passes through Microsoft and other ESPs, ISPs, ECSs, and

---

on July 8, 2022. (*See* dkt. ## 9, 9-2.) Plaintiff's amended complaint is the operative complaint in this action at the present time.

ORDER DECLINING TO SERVE AMENDED
COMPLAINT AND GRANTING LEAVE TO
FILE A SECOND AMENDED COMPLAINT - 2

WSPs, seeking to identify videos and images of possible illegal activity involving child sexual abuse. (*Id*. at 5.) The PhotoDNA system does this by creating a unique hash value to represent each image that is scanned, and by then comparing the created hash value against a hash value database of known child sexual abuse materials ("CSAM") which is hosted and maintained by the National Center for Missing and Exploited Children ("NCMEC"). (*Id*. at 5-6.)

When possible CSAMs are identified during these automated searches, the ISP, ESP, ECS, or WSP that identifies the materials is required to submit a report to the NCMEC's CyberTipline. (Am. Compl. at 6.) The PhotoDNA system includes a reporting service that creates the required report, and Microsoft routes the report to the NCMEC on behalf of the ISP, ESP, ECS, or WSP. (*Id*.) According to Plaintiff, the Photo DNA system is widely used and most private data passing through most ISPs, ESPs, ECSs, and WSPs in the United States is therefore automatically seized and scanned without any warrant or good faith reason for doing so. (*Id*. at 6-7.) Plaintiff claims that the NCMEC and law enforcement agencies worldwide use the PhotoDNA system free of charge to review video and images contained within what he maintains are illegally seized private data and communications. (*Id*. at 7.)

Plaintiff asserts that on April 28, 2020, Microsoft's PhotoDNA system scanned a private data file uploaded to a Microsoft OneDrive account from an IP address registered to him, and the system identified this private data as possible child sexual abuse material. (Am. Compl. at 9.) Plaintiff further asserts that Microsoft then utilized the PhotoDNA system to automatically create a CyberTip Report which was sent to the NCMEC together with Plaintiff's IP address, the name of the suspect file, the OneDrive account number to which the file was uploaded, and a statement

ORDER DECLINING TO SERVE AMENDED
COMPLAINT AND GRANTING LEAVE TO
FILE A SECOND AMENDED COMPLAINT - 3

indicating that it had not been confirmed by anyone at Microsoft whether or not the image file contained child sexual abuse material. (*Id*. at 10.)

Plaintiff claims that on May 11, 2020, the NCMEC, without viewing the possible image of child sexual abuse, sent the CyberTip it received from Microsoft to the Arkansas State Police. (Am. Compl. at 10.) Plaintiff further claims that on August 6, 2020, the Arkansas State Police arrested him and executed a search warrant on his apartment, all based upon the PhotoDNA system's automated search and unconfirmed CyberTip Report. (*Id*.) The prosecuting attorney for Clark County, Arkansas, thereafter prosecuted Plaintiff based in part on what Plaintiff maintains was an illegal search done by Microsoft's PhotoDNA system. (*Id*. at 10-11.) Plaintiff was convicted and was sentenced to 450-years in the Arkansas Department of Corrections. (*Id*. at 11.)

Plaintiff appears to identify 25 separate claims for relief in his amended complaint. Specifically, Plaintiff alleges that Microsoft, through its use of the PhotoDNA system, automatically seizes and then searches the personal communications and/or data being sent from his IP address, and the IP addresses of other class members, looking for possible criminal activity without a warrant or any probable cause, and thereby violates his rights and the rights of other class members under the Fourth and Fourteenth Amendments to the United States Constitution, under 18 U.S.C. §§ 2510-2523, §§ 2701-2713, and § 3121, under 42 U.S.C. § 2000aa, and under various provisions of Washington and Arkansas state law. (Am. Compl. at 21-27.) Plaintiff further alleges that the PhotoDNA system itself likewise violates federal and state law by automatically seizing and searching private communications and/or data for possible criminal activity without a warrant or any probable cause, and by then automatically creating a

ORDER DECLINING TO SERVE AMENDED
COMPLAINT AND GRANTING LEAVE TO
FILE A SECOND AMENDED COMPLAINT - 4

CyberTip Report that is sent to law enforcement agencies and has resulted in the arrest and prosecution of Plaintiff and other class members. (*Id*. at 27-35.)

Finally, Plaintiff alleges that Microsoft conspired with law enforcement, the NCMEC, the International Center for Missing and Exploited Children ("ICMEC"), the Department of Homeland Security ("DHS"), and unnamed other persons, institutions and agencies to violate the rights guaranteed to him and to class members by the United States Constitution and federal statutes when they created the PhotoDNA system and put it online. (Am. Compl at 35-36.)

Plaintiff, in his request for relief, requests declaratory and injunctive relief and damages on behalf of himself and on behalf of the purported class members. (*See* Am. Compl. at 36-38.) Plaintiff also makes a request for damages pertaining only to himself, asking that he be awarded compensatory damages in the amount of $100,000 per year for every year of the 450-year sentence imposed by the Arkansas courts, for a total of $45 million. (*Id*. at 7.)

### III.   DISCUSSION

#### A.   Standards

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

ORDER DECLINING TO SERVE AMENDED
COMPLAINT AND GRANTING LEAVE TO
FILE A SECOND AMENDED COMPLAINT - 5

555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

B.     **Deficiencies**

As an initial matter, the Court notes that Mr. Walker is proceeding with this action *pro se* and, though he designates his amended complaint as a "Class Action" complaint, and identifies himself as the class representative, the Ninth Circuit has made clear that a *pro se* litigant has no authority to appear as an attorney for others. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (citing *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962)); *McShane v. United States,* 366 F.2d 286, 288 (9th Cir. 1966). Because Mr. Walker does not have authority to appear on behalf of any other litigants, this action is not maintainable as a class action.

Another issue of concern is that the two Defendants named in this action, Microsoft and the PhotoDNA system, appear to be private actors.[2] A claim under § 1983 requires that a person

---

[2] The Court questions Plaintiff's decision to name both Microsoft and the PhotoDNA system as Defendants in this action. Assuming that a computer program such as PhotoDNA can ever be a proper

ORDER DECLINING TO SERVE AMENDED
COMPLAINT AND GRANTING LEAVE TO
FILE A SECOND AMENDED COMPLAINT - 6

or entity be acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory" when depriving a party of his rights, privileges or immunities. 42 U.S.C. § 1983. "Only in rare circumstances" will a court view a private party as a state actor for § 1983 purposes. *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). For private conduct to constitute governmental action, there must be such a "close nexus between the State and the challenged action that seemingly private behavior may be treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal quotations omitted).

In an apparent attempt to demonstrate that Microsoft, and the PhotoDNA system it developed, are proper defendants in this civil rights action, Plaintiff asserts that Microsoft "receives benefits" in the State of Washington, and that it receives funds from the State for law enforcement purposes. (*See* Am. Compl. at 4-5, 9-11.) Plaintiff also asserts that the PhotoDNA system is maintained through partnerships with the DHS, NCMEC, and ICMEC, and that Microsoft receives federal grant money from the United States Department of Justice ("DOJ") and DHS for law enforcement purposes, including the funding of the PhotoDNA system. (*Id*. at 8, 11-12.) These allegations are insufficient to demonstrate the "close nexus" necessary for Microsoft and the PhotoDNA system to be deemed state actors for purposes of this action.

The Court begins by observing that, to the extent Plaintiff relies on Microsoft's relationships with federal entities or agencies, including DHS, DOJ, NCMEC, and ICMEC, he has demonstrated no nexus between the Defendants and a *state* actor as required under § 1983.

---

defendant, the Court fails to discern how the Microsoft Corporation and a computer program/system it created might plausibly be deemed separate entities for purposes of this action.

ORDER DECLINING TO SERVE AMENDED
COMPLAINT AND GRANTING LEAVE TO
FILE A SECOND AMENDED COMPLAINT - 7

*See Morse v. N. Coast Opportunities, Inc.,* 118 F.3d 1338, 1343 (9th Cir. 1997) ("[B]y its very terms, § 1983 precludes liability in federal government actors.") Moreover, merely receiving funding from a government entity is not sufficient to create a "close nexus" between government and private entities. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 841-42 (1982). In order to establish the required nexus, the government must profit from the alleged unconstitutional conduct of the private entity. *See id*. at 843. Plaintiff's allegations are insufficient to demonstrate that the complained of actions of Microsoft and/or the PhotoDNA system constitute state action for purposes of § 1983 and, thus, Plaintiff has not alleged any plausible ground for relief against these entities under § 1983.

Plaintiff likewise fails to state a plausible conspiracy claim under 42 U.S.C. § 1985. Plaintiff does not identify in his pleading the specific subsection of § 1985 that he intends to rely on in this action, though § 1985(3) appears to be the only likely possibility. To state a cause of action under § 1985(3), a plaintiff must show that (1) "some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action," and (2) the conspiracy was "aimed at interfering with rights that are protected against private, as well as official encroachment." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993) (internal citations omitted). Plaintiff alleges no facts demonstrating that Microsoft's actions were motivated by racial or class-based discriminatory animus.

In addition, though Plaintiff does not directly challenge in this action the convictions underlying his current confinement, the gravamen of his complaint appears to be that the evidence upon which his convictions were based was unlawfully obtained through the use of Microsoft's PhotoDNA system. It thus appears that should Plaintiff obtain a ruling in his favor

ORDER DECLINING TO SERVE AMENDED
COMPLAINT AND GRANTING LEAVE TO
FILE A SECOND AMENDED COMPLAINT - 8

on any of the federal claims asserted in this action, such a ruling would likely undermine the validity of his convictions. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a § 1983 claim that calls into question the lawfulness of a prisoner's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id*. at 489. Nothing in the record suggests that Plaintiff's confinement has been invalidated in any way and, thus, any claims relating to the fact or duration of his confinement are likely barred by *Heck*.

Finally, assuming Plaintiff can overcome the multiple deficiencies identified above, the Court observes that Plaintiff's federal statutory claims, as well as his state law claims, lack sufficient specificity to state any plausible claim for relief. Plaintiff, in setting forth his claims, by and large repeats the same body of facts and then separately alleges that those facts violate various provisions of federal and state constitutional and statutory law. (*See* Am. Compl. at 21-34.) If Plaintiff wishes to pursue such claims, he must explain how his alleged set of facts entitles him to relief in relation to the specific elements of the constitutional and/or statutory provisions cited. Plaintiff will also need to demonstrate, with respect to his alleged statutory claims, that the cited statutes provide for a private right of action.

### IV.   CONCLUSION

Because of the deficiencies identified above, the Court declines to direct that Plaintiff's amended complaint be served on Defendants. However, Plaintiff is granted leave to file a second amended complaint curing the noted deficiencies within **thirty (30) days** of the date on which this Order is signed. Plaintiff must ensure that the amended complaint carries the same case number as his original complaint. If no amended complaint is timely filed, or if Plaintiff fails to

ORDER DECLINING TO SERVE AMENDED
COMPLAINT AND GRANTING LEAVE TO
FILE A SECOND AMENDED COMPLAINT - 9

correct the deficiencies identified above, the Court will recommend that this action be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B). Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended)). Thus, any second amended complaint must clearly identify each intended Defendant, all intended claims, the specific facts which Plaintiff believes support each claim, and the specific relief requested.

The Clerk is directed to send Plaintiff the appropriate forms so that he may file a second amended complaint. The Clerk is further directed to send copies of this Order to Plaintiff and to the Honorable Tana Lin.

DATED this 3rd day of August, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DECLINING TO SERVE AMENDED
COMPLAINT AND GRANTING LEAVE TO
FILE A SECOND AMENDED COMPLAINT - 10